**\*E-FILED 09-08-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD MOORE,<br><br>      Plaintiff,<br>  v.<br><br>ROBINSON OIL CORPORATION dba<br>ROTTEN ROBBIE #42,<br><br>      Defendant.<br>_____/ | No. C10-01014 HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: Docket No. 21] |

Plaintiff Ronald Moore sues for alleged violations of federal and state laws requiring equal access for disabled persons. Following a September 2010 site inspection with Moore's access specialist, plaintiff provided a report of alleged barriers to access on the subject property—including some that are not identified in the complaint. Moore now moves for leave to file a First Amended Complaint to (1) include the additional barriers identified in the inspection report and (2) add allegations with respect to his standing to bring suit, which he says are required by Chapman v. Pier One Imports, Inc., 631 F.3d 939 (9th Cir. 2011). Defendant Robinson Oil Corporation dba Rotten Robbie #42 opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed appropriate for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, defendant does not say anything about the added standing allegations that plaintiff says are required by Chapman. Instead, defendant argues that it would be severely prejudiced if plaintiff is permitted to now claim additional barriers to access. Fact discovery closes in about one week, and the parties' expert designations with reports are due by September 28, 2011. Defendant contends that Moore is simply too late in seeking amendment and that the delay is due to bad faith. However, if the court is inclined to permit the amendment, defendant requests that all case management deadlines be extended and that the trial set for February 2012 be continued to a later date.

There was a considerable delay in plaintiff's request for amendment. As noted above, the inspection report identifying the additional alleged barriers was generated nearly one year ago. And, the Chapman decision plaintiff cites was issued over eight months ago. Plaintiff might well have sought amendment much sooner. Nevertheless, the court does not find that the delay was due to bad faith. Here, plaintiff says that, pending settlement discussions, he held off on seeking amendment in order to avoid incurring additional litigation fees and costs. In any event, while the amendment comes late in the fact discovery period, defendant has not convincingly demonstrated any serious prejudice. Although the barriers identified in the inspection report may not have been included in the complaint, defendant has known about them for quite some time. Defendant was given a copy of the inspection report in October 2010. The court held an initial case management conference in March 2011 and set a case

schedule. And, in response to written discovery served by defendant in late June 2011, plaintiff identified all of the alleged barriers to access, including those identified in the inspection report. (Moore Reply Decl., Ex. A). This court is told that all that remains is to depose plaintiff and that his deposition is set for September 16, 2011. On the record presented, the court does not find that the amendment would be futile, and defendant makes no argument as to futility in any event.

Based on the foregoing, plaintiff's motion is granted. He shall <u>forthwith</u> file his First Amended Complaint as a separate docket entry. Defendant's response shall be filed within 7 days thereafter. FED. R. CIV. P. 15(a)(3). Defendant's request to modify the current case management schedule is denied.

SO ORDERED.

Dated: September 8, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:10-cv-01014-HRL Notice has been electronically mailed to:

2  Elizabeth Marie Pappy     epappy@mffmlaw.com, cmacias@mffmlaw.com

3  Kenneth Randolph Moore     natalyn@moorelawfirm.com

4  Tanya Eugene Moore     tanya@moorelawfirm.com, marejka@moorelawfirm.com, natalyn@moorelawfirm.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.